IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DEMETRIUS FLOWERS, et al                                                      PLAINTIFFS

V.                                        NO.  3:08cv00040 JLH-JWC

G. COOK                                                                         DEFENDANT

ORDER

Plaintiff Flowers is a pro se inmate currently confined to the Craighead County Detention Facility.  It is not clear whether he is in jail and still awaiting trial on pending criminal charges, or serving a sentence as a result of a judgment of conviction.  On March 17, 2008, Plaintiff Flowers filed this 42 U.S.C. § 1983 civil rights action (docket entry #1) naming himself and a free-world citizen "Sister Sondra, Nation of Islam," as Plaintiffs. Neither has submitted the $350.00 statutory filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**A prisoner who is permitted to file a civil action in forma pauperis still must pay the full statutory filing fee of $350.** Id. § 1915(b)(1).  Method and timing of payment is the only issue to be resolved.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) (stating that all prisoner-litigants are "required to pay filing fees in full . . . the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Furthermore, federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Should Plaintiff's case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, **there is**

**no provision for a refund of any portion of the filing fee to the prisoner**. 28 U.S.C. § 1915(e)(2)(B). In addition, this Court may sua sponte dismiss a prisoner's complaint at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

So that the Court can determine how the $350.00 filing fee will be paid, Plaintiff Flowers is required to submit either the full statutory filing fee or a calculation sheet, along with an application to proceed in forma pauperis, prepared and executed by an authorized official at the incarcerating facility within thirty (30) days of this order's entry date. This calculation sheet reflects the deposits and monthly balances in the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Based on this information, the Court will assess an initial partial filing fee if sufficient funds exist and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full. Id. 1915(b)(1) and (2). However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." Id. 1915(b)(4).

With respect to free-world Plaintiff Sister Sondra, the Court's policy is to require submission of an affidavit pursuant to § 1915(a)(1) to determine whether she should be required to pay all, or a portion of, the fees and costs associated with this lawsuit. Therefore, if free-world Plaintiff Sister Sondra wishes to proceed as a party to this action, she is directed to complete and submit the attached financial affidavit.

Although civil complaints brought by indigent non-prisoners are not subject to the screening process required by § 1915A, this Court must nevertheless screen Plaintiffs' complaint under § 1915(e)(2). See In re Prison Litigation Reform Act, 105 F.3d 1131, 1134

(6th Cir. 1997) (citing <u>Floyd v. United States Postal Serv</u>., 105 F.3d 274, 277-79 (6th Cir.1997)). The language of § 1915(e)(2) makes no distinction between cases filed by prisoners and cases filed by non-prisoners. In other words, the Court may sua sponte dismiss Plaintiffs' in forma pauperis complaint at any time if it determines that the claims raised are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

In addition, Plaintiffs' complaint has been submitted to the Court signed by Plaintiff Flowers only. The Clerk of the Court is therefore directed to return the last page of the complaint to Plaintiff Sister Sondra to sign, date, and return.

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1.  The Clerk of the Court is directed to forward an in forma pauperis application and <u>calculation sheet</u> to Plaintiff Flowers.

2.  Plaintiff Flowers is directed to complete and sign the in forma pauperis application. At Plaintiff's request, an authorized official of the Craighead County Detention Facility is directed to complete and sign the certificate portion of his in forma pauperis application, along **with the required calculation sheet**.

3.  Plaintiff Flowers is directed to submit the completed in forma pauperis application within thirty (30) days of this order's entry date.

4.  If free-world Plaintiff Sister Sondra wishes to proceed as a party to this action, she is directed to complete and submit the attached financial affidavit within thirty (30) days of this order's entry date. Failure to comply will result in her recommended dismissal from this case.

5.     The Clerk of the Court is further directed to return the last page of Plaintiffs' complaint to Plaintiff Sister Sondra for signature.  Plaintiff Sister Sondra is ordered to sign, date, and return the last page of the complaint to the Court within thirty (30) days of this order's entry date.

6.     Service is NOT appropriate for Defendant at this time.

**Plaintiffs are advised that their failure to make a timely and complete response to this order will result in the recommended dismissal of their case without prejudice.**[1]

IT IS SO ORDERED this 3rd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs are hereby notified of their responsibility to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."